RECEIVED
IN ALEXANDRIA, LA
JUL 08 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD A. ELFER, JR. | CIVIL ACTION NO. 06-0249 |
| -vs- | JUDGE DRELL |
| FRANCIS J. HARVEY, U.S. DEPT. OF ARMY | MAGISTRATE JUDGE KIRK |

## RULING and ORDER

Before the Court is a motion for summary judgment (Doc. 19) filed by the defendant. For the reasons set forth below, the motion is granted. By separate judgment, all of the plaintiff's claims will be dismissed, and this suit shall be closed.

### I. BACKGROUND

The plaintiff, Donald A. Elfer, Jr., a male born in 1951, filed the instant suit on February 15, 2006, asserting claims against the defendant, Francis J. Harvey, U.S. Department of Army ("United States"), for gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. His claims arose from the fact that, while he was employed at Fort Polk, Louisiana, as an Air Traffic Controller, officials at Fort Polk requested that his name be removed from a certificate of eligibles for an announced position of a different kind of air traffic controller. He claims that the Fort Polk officials' reasons were based on his age and gender, as well

as on the fact that he had filed an Equal Employment Opportunity ("EEO") complaint previously while employed at Fort Hood, Texas.

The United States answered on May 1, 2006, admitting Fort Polk officials requested that Mr. Elfer's name be removed from the "certificate of eligibles" at issue. The United States otherwise denied knowledge of Mr. Elfer's prior EEO activity; asserted that it had a legitimate, non-discriminatory reason for its decision; and denied liability. On December 4, 2007, the United States submitted the motion for summary judgment (Doc. 19) now before us, seeking dismissal of Mr. Elfer's suit for failure to make out a prima facie case of discrimination or retaliation and for failure to rebut the United States's proffered legitimate, nondiscriminatory, and nonretaliatory reason for its decision. In connection with the motion, the United States submitted extensive evidence and a statement of material facts pursuant to LR56.1.

On January 9, 2008, Mr. Elfer submitted a short opposition to the United States's motion, arguing that genuine issues of material fact remained. However, Mr. Elfer attached no evidence to rebut the United States's evidence and, in violation of LR56.2, he failed to attach "a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." The Clerk issued a notice of deficiency on January 10, 2008, informing Mr. Elfer of the failure to comply with LR56.2 and instructing him to correct the deficiency within 10 days "or the document may be stricken by the court." (Doc. 25). Mr. Elfer failed to correct the deficiency, and on February 11, 2008, Mr. Elfer's opposition to the United States's motion for summary

judgment was stricken. (Doc. 27). Consequently, the motion is technically unopposed. We address the merits below.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

## III. FACTS

Mr. Elfer has failed to point to any genuine issue of material fact in the record, and we can find none in the extensive evidence before us. Accordingly, we adopt the statement of material facts submitted by the United States in support of its motion for summary judgment, except for statement 13, which constitutes a conclusion of law.[1] With that one exception, the statement reads:

1. The Plaintiff was employed at Fort Hood as an air traffic control specialist GS-12 from February 2001 to July 2003.

2. He failed to obtain certification in radar approach control (RAPCON) while at Fort Hood.

3. He was removed from his employment at Fort Hood due to an inability to satisfactorily complete training and consequent inability to become certified in Radar Approach Control.

4. Plaintiff filed both an EEO complaint based upon the alleged discriminatory bases of sex and age and appealed to the Merit Systems Protection Board to reverse the removal action.

5. While these two complaints were pending, in August 2003, the Plaintiff applied for a position as air traffic control specialist at Fort Polk, Louisiana.

6. The announcement also stated that applicants must have demonstrated successful performance in a full Radar Approach Control Facility and Control Tower Facility within the last three years, identified as a "Selective Placement Factor" and provides in bold lettering "Applicants who do not meet the Selective Placement Factor are ineligible for further consideration."

7. Plaintiff's application indicated that he had recently been removed from his prior job at Fort Hood's full Radar Approach Control facility because he had not completed the RAPCON training program.

---

[1] Statement 13 asserts that the defendant "had a legitimate, non-discriminatory reason for having the Plaintiff's name removed from the list." (Doc. 19-6).

8. On October 2003, the Agency forwarded a referral list with the complainant and six other male applicants to the selecting official.

9. In November 3, 2003, Robert Foster, the chief of air traffic control at Fort Polk and selecting official, made an official request that the Plaintiff be removed from the list of eligible candidates because of his lack of recent experience at the full performance level in the three preceding years and his failure to demonstrate competence and satisfactorily complete his training at Fort Hood.

10. Foster followed the standard procedure for requesting the removal of a name from the list of eligibles by submitting a Standard Form 62 ("Agency Request to Pass Over a Preference Eligible or Object to an Eligible").

11. Mr. Foster was unaware of the Plaintiff's prior EEO activity at the time he made the request for removal of his name from the list of eligibles.

12. On December 5, 2003, the Delegated Examining Unit at Redstone Arsenal, Alabama sustained Mr. Foster's objection to the inclusion of the Plaintiff on the list of eligibles for the Fort Polk positions and removed his name from the certificate of eligible candidates.

(Doc. 19-6).

## IV. LAW AND ANALYSIS

All of the plaintiff's claims in this matter—age discrimination, gender discrimination, and retaliation—are subject to variants of the analytical framework first set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The Fifth Circuit summarized the analysis as follows:

> Assuming a plaintiff has exhausted his administrative remedies, he may prove a claim of intentional discrimination or retaliation either by direct or circumstantial evidence. We analyze cases built on the latter, like this one, under the framework set forth in McDonnell Douglas Corp. v. Green. Under that framework, the plaintiff must first establish a prima facie case of discrimination, which requires a showing that the plaintiff (1) is a member

5

of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action.

If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. The employer's burden is only one of production, not persuasion, and involves no credibility assessment. If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose. To carry this burden, the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer.

McCoy v. City of Shreveport, 492 F.3d 551, 556-57 (5th Cir. 2007) (footnotes omitted).

The McDonnell Douglas framework applies at the summary judgment stage. Septimus v. University of Houston, 399 F.3d 601, 609 (5th Cir. 2005). In the summary judgment context, if the defendant produces a legitimate, nondiscriminatory, nonretaliatory reason for its action, the plaintiff may avoid summary judgment only if he can rebut the defendant's proffered legitimate, nondiscriminatory, nonretaliatory reason. See id.

In this case, the analysis is clear. First, Mr. Elfer has not proved even a prima facie gender discrimination claim. All of the other individuals on the certificate of eligibles from which Mr. Elfer was removed were male, just as Mr. Elfer is. Thus, he cannot show, under the McDonnell Douglas framework, that he "was replaced by

someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." McCoy, 492 F.3d at 556.

Second, the United States submitted testimony that the Fort Polk officials in this case had no knowledge of Mr. Elfer's prior EEO activity. A necessary element of Mr. Elfer's prima facie showing of retaliation is a "causal connection . . . between the protected activity and the adverse employment action." Id., 492 F.3d at 557. Mr. Elfer has presented no evidence to rebut the testimony submitted by the United States, except for unsupported allegations in the pleadings, which are insufficient to preclude summary judgment. Thus, Mr. Elfer has not shown any causal connection, an essential element of the prima facie showing for a retaliation claim.

Third, as for Mr. Elfer's age discrimination claim, it is not clear whether the individual who ultimately received the air traffic controller position at issue was outside of Mr. Elfer's protected age class. We will assume that Mr. Elfer was a member of a protected age class; that the ultimate recipient of the position was not; and that Mr. Elfer suffered some kind of adverse employment action by his employer, the United States. Thus, we assume that Mr. Elfer met three of the four elements of his prima facie case of discrimination on the age discrimination claim. That leaves one important element: that Mr. Elfer "was qualified for the position at issue." McCoy, 492 F.3d at 556.

Based on the evidence before us, it is undisputed that Mr. Elfer was not, in fact, qualified for the air traffic controller position at issue. He had failed to meet the position's prerequisite "Selective Placement Factor"—"successful performance in a full Radar Approach Control Facility and Control Tower Facility within the last three years."

(Doc. 19-6). Because Mr. Elfer has not demonstrated that he was qualified for the position at issue, he has failed to meet an essential element of his prima facie case for the age discrimination claim.

Under the above analysis, Mr. Elfer failed to make a prima facie showing for <u>any</u> of his three claims—age discrimination, gender discrimination, or retaliation. Even assuming that he had made prima facie showing, however, the United States presented ample evidence of a legitimate, nondiscriminatory, and nonretaliatory reason for its decision—specifically, Mr. Elfer's failure to meet the training prerequisite for the air traffic controller position at issue. Mr. Elfer has absolutely failed to rebut this proffered reason for the United States's conduct. Not only is there no evidence, direct or circumstantial, of any discriminatory or retaliatory motive, there is ample evidence of the United States's proffered reason for its decision.

Because Mr. Elfer failed to make out a prima facie case for any of his claims, and because, even if he had, he failed to rebut the United States's proffered legitimate, nondiscriminatory, and nonretaliatory reason for its decision, the United States is entitled to summary judgment on all of Mr. Elfer's claims. Accordingly, the motion will be granted.

## V. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the United States's motion for summary judgment (Doc. 19) is GRANTED. By separate judgment, all of Mr. Elfer's claims in this matter will be dismissed with prejudice, and the suit shall be closed.

SIGNED on this 8th day of July, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE